IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANDREW J. DAYTON,<br><br>              Petitioner,<br><br>   vs.<br><br>JIM MACDONALD, Warden, Central Arizona Detention Center; NANCY DAHLSTROM, Commissioner, Alaska Department of Corrections,[1]<br><br>             Respondent. | No. 3:03-cv-00145-JKS<br><br>ORDER OF DISMISSAL |

Andrew J. Dayton, a state prisoner now represented by counsel, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Dayton is in the custody of the Alaska Department of Corrections and incarcerated at the Central Arizona Detention Center. Dayton challenges his conviction following a jury trial of first-degree assault and first-degree burglary.

---

[1] The names of the respondents are corrected to reflect the petitioner's incarceration in the Central Arizona Detention Center in Florence, Arizona, as well as the continuing jurisdiction of the Alaska Department of Corrections. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). The term "Respondent" utilized in the body of this order is intended to refer to both respondents, who are jointly represented by the Alaska Attorney General.

-1-

After his request for the appointment of counsel was granted, Dayton filed an Amended Petition raising three claims. Docket No. 22. The first claim relates to the Alaska Court of Appeals' decision to remand to the trial court pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) for a hearing concerning a DNA sample database used at his trial rather than granting him a new trial. The Alaska Supreme Court denied Dayton's petition for a hearing to review the Court of Appeals' decision, and thus his first claim has been fully exhausted. Docket No. 39, Ex. A. The second claim alleges the ineffective assistance of counsel, which was then unexhausted because he was still pursuing the claim in the Alaska trial courts. Docket No. 172. Finally, Dayton avers that the State of Alaska is violating his Alaska Native sovereignty rights by transferring him to a private prison in Arizona to serve his prison term. On September 30, 2004, the Court concluded that the third claim is so plainly frivolous that it need not await exhaustion, and dismissed it with prejudice, but stayed the first claim and held it in abeyance until Dayton exhausted his state remedies with respect to second claim. Docket No. 46.

On November 21, 2018, counsel filed a status report voluntarily dismissing claim 2 for lack of exhaustion, as Dayton had terminated his post-conviction relief appeal in state court without seeking discretionary review by the Alaska Supreme Court. Docket No. 172. Respondent answered claim 1 and moved to dismiss it as procedurally defaulted because Dayton failed to fairly present to the Alaska state courts a federal constitutional claim that the admission of an Athabaskan DNA database evidence at trial violated his constitutional right to due process. Docket No. 185. Dayton has now replied, and agrees with Respondent that the claim has been procedurally defaulted. Docket No. 191. Dayton requests that the Court allow him to withdraw his habeas petition without prejudice. *Id.*

**IT IS THEREFORE ORDERED THAT** the Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE** to timely refile a new petition in federal court once Mr. Dayton has fully exhausted his state court remedies.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: June 19, 2019.

                                                      /s/ James K. Singleton, Jr.
                                                      JAMES K. SINGLETON, JR.
                                                      Senior United States District Judge